# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>               Petitioner,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT JUDGES,<br><br>               Respondents. | Case No. 18cv0340 GPC (BLM)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 1996 conviction in San Diego County Superior Court case number SCD119336. On December 23, 2013, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 13cv3161. (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 13cv3161 LAB (JLB) [ECF No. 1]). In that petition, Petitioner challenged

///

his 1996 conviction in San Diego Superior Court case number SCD119336 as well. (*See id.* at 1-2.) On February 24, 2015, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations and, moreover, Petitioner had failed to exhaust state judicial remedies. (*See* Order filed Feb. 24, 2015 in case No. 13cv3161 [ECF No. 42].) Petitioner appealed that determination. On June 12, 2015, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (*See* Order in *Lewis v. Vargas*, No. 15-55609 (9th Cir. June 12, 2015).)

Petitioner is now seeking to challenge the sentence imposed as a result of the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit

/ / /

/ / /

Court of Appeals. For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.

**IT IS SO ORDERED.**

Dated: February 27, 2018

Hon. Gonzalo P. Curiel
United States District Judge